UNITED STATES DISTRICT COURT FILED
NOTHERN DISTRICT OF CALIFORNIA

## COMPLAINT FOR MANDAMUS AND INJUNCTIVE RELIEF

2007 NOV 16 P 2: 14

Victor Simileysky
4241 Norwalk Drive, apt. #Z208,
San Jose, CA, 95129, (408) 892-4817

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

                                        Plaintiff,

*v.*

**C 07   05833**

Case No.: _____

**RMW PVT**

Judge: _____

Michael Chertoff, Secretary of
U. S. Department of Homeland Security
Office of the General Counsel
U. S. Department of Homeland Security
Washington, D.C. 20528

Emilio T. Gonzalez, Director of
U. S. Citizenship and Immigration Services
Office of the General Counsel
U. S. Department of Homeland Security
Washington, D.C. 20528

Gerard Heinauer, District Director
Nebraska Service Center
U. S. Citizenship and Immigration Services
850 S. Street
Lincoln, NE 68501

Christina Poulos, Director
California Service Center
U. S. Citizenship and Immigration Services
24000 Avila Road, 2nd Floor, Room 2312
Laguna Niguel, CA, 92677

Peter D. Keisler, Acting US Attorney General
U. S. Department of Justice
950 Pennsylvania Ave, NW
Washington, DC 20530-0001

Robert S. Mueller, III
Director of Federal Bureau of Investigation
J. Edgar Hoover Building, 935 Pennsylvania Avenue, NW
Washington, D.C. 20535-0001

                                        Defendants.

## COMPLAINT FOR MANDAMUS AND INJUNCTIVE RELIEF

Petitioner / Plaintiff, Victor Simileysky, Pro Se, presents instant Complaint before this Honorable Court requesting relief against the Defendants for their actions and for their failure to act on the Petitioner's application for permanent residence in accordance with law.

### I.    INTRODUCTION

1.    This is a petition for a statutory relief pursuant to law including US Constitution, Mandamus Act (28 U.S.C. § 1361), Declaratory Judgment Act (28 U.S.C. § 2201), and the Administrative Procedures Act (5 U.S.C. § 551 et seq.) This action challenges the unreasonable delay in adjudicating of Plaintiff's employment-based Adjustment Of Status (AOS) Application (I-485 form) pending before California Service Center followed by Nebraska Service Center of the United States Citizenship and Immigration Services (USCIS) since March 11, 2005.

### II.    JURISDICTION

2.    This Court has subject matter jurisdiction over this petition under 28 U.S.C. § 1331 (Federal question statute) since this is a civil action arising under the Constitution and the laws of the United states, including the Fifth Amendment to the U.S. Constitution, provisions of Title 8 U.S.C. § 1101 et seq. (Immigration and Nationality Act, INA) and applicable regulations, policies and procedures arising thereunder. This Court may grant relief in this action under 28 U.S.C. § 1361 (Mandamus Act); 28 U.S.C. § 1651 (All Writs Act); 28 U.S.C. § 2201 (Declaratory

Judgment Act); and under 5 U.S.C. §§ 551, 701 et seq. (Administrative Procedures Act).

3.    There are no administrative remedies available to Petitioner to redress the grievances described herein. This action challenges only the Respondents' timeliness in adjudication of AOS petition, not the granting or denial of the petition, therefore the jurisdictional limitations of 8 U.S.C. § 1252 do not apply.

### III.    VENUE

4.    Pursuant to 28 U.S.C. § 1391(e) venue is proper in this judicial district, because Defendants operate within this district, the substantial part of events giving rise to this action occurred within the district and plaintiff resides in this district.

### IV.    PARTIES

5.    Petitioner Victor Simileysky is a native and citizen of Russia. Victor Simileysky is an engineer by profession working for Centillium Communications located in 215 Fourier Ave. Fremont, CA 94539. Petitioner originally entered the United States as professional worker based on H-1B visa in April 2001 to take up employment with GT Technology, 12306 Brookglen Drive, Saratoga, CA 95070. After that Victor Simileysky performed H-1B professional visa transfer enabling him to take up employment with Centillium Communications in August 2001. On March 11, 2005 Centillium Communications filed an immigrant visa petition on Simileysky's behalf which was approved on June 9, 2005. At the same time, on March 11, 2005 Victor Simileysky filed an application for Adjustment Of Status (AOS) to become a permanent resident of the United States with the California Service Center of USCIS. In the July 2007 the application for AOS was transferred

to Nebraska Service Center. This application is still pending. Victor Simileysky appears before this honorable court in his own behalf as an individual, and on behalf of his derivative beneficiaries – his wife Marina Simileysky and his son Alexander Simileysky.

6.    Michael Chertoff is the Secretary of the US Department of Homeland Security and is the direct supervisor of the Director of the U. S. Citizenship and Immigration Services. Therefore he is the ultimate decision-making authority over the plaintiff's pending application with USCIS.

7.    Respondent Emilio T. Gonzalez is the Director of the U. S. Citizenship and Immigration Services. Pursuant *inter alia*, to 8 U.S.C. § 1103, he is charged with, among other matters, administering the USCIS by implementing and enforcing the Immigration and Nationality Act. As such, he has decision-making authority over the matters alleged in this Complaint.

8.    Respondent Gerard Heinauer is the Director of the Nebraska Service Center of USCIS of the DHS. In his capacity as the Director of the Nebraska Service Center, USCIS, Mr. Heinauer is responsible for the administration of immigration benefits and services including the processing of employment-based immigration petitions. As such, he has decision-making authority over the matters alleged in this Complaint.

9.    Respondent Christina Poulos is the Director of the California Service Center of USCIS of the DHS. In her capacity as the Director of the California Service Center, USCIS, Christina Poulos is responsible for the administration of immigration benefits and services including the processing of employment-based

immigration petitions. As such, she has decision-making authority over the matters alleged in this Complaint.

10.    Respondent Alberto Gonzales is the Attorney General of the United States. Pursuant, *inter alia*, to 8 U.S.C. § 1103, he is charged with controlling determination of all issues of law pertaining to immigration and with representing the United States of America in various legal matters.

11.    Respondent Robert S. Mueller, III is the Director of Federal Bureau of Investigation. He is the ultimate decision-making authority over the plaintiff's pending name check clearance as alleged in this Complaint.


## V.  STATEMENT OF FACTS

12.    Petitioner, Victor Simileysky, his wife, Marina Simileysky and his son, Alexander Simileysky, submitted AOS applications to become permanent residents of the United States with California Service Center of USCIS on March 11, 2005. USCIS acknowledgement documents are attached hereto as **Exhibit A**.

13.    Petitioner is eligible to receive an immigrant visa and is admissible to the United States for permanent residence.

14.    Petitioner's employment-based AOS application was filed along with immigrant petition for alien worker under INA 8 U.S.C. § 1153(b) which was approved on June 9, 2005 Approval notice is provided in **Exhibit A**.

15.    An immigrant visa was immediately available to the Petitioner at the time of AOS application was filed.

16.     An immigrant visa is immediately available to the Petitioner at the time of filing this Complaint.

17.     Following the submission of AOS application, Petitioner was requested to provide and actually provided fingerprints for security checks on May 2005 and then again on October 10 2006.

18.     USCIS publishes processing dates every month online at:

https://egov.uscis.gov/cris/jsps/Processtimes.jsp?SeviceCenter=CSC  for California Service Center and at:

https://egov.uscis.gov/cris/jsps/Processtimes.jsp?SeviceCenter=NSC  for Nebraska Service Center.  California Service Center is currently processing AOS applications (form I-485) within *6 month* and Nebraska Service Center is currently processing AOS applications filed on December 19 2006, while Petitioner application is pending for *32 months,* which is at least *21 month longer* than current published processing time.

19.     Concerned about his application, On January 30, 2007, *691 days after submitting all required documents to USCIS*, Petitioner made an official "Status Inquiry" with USCIS through immigration attorney office. USCIS replied: *"The Principal applicant's I-485 is still pending FBI name check clearance. Once the file has been cleared by FBI, all the pending applicants and principal will be adjudicated. The Service has NO control over how long it takes to FBI to clear the case "* (**Exhibit B**).

20.     Additional official "Status Inquiries" with USCIS were made on May 26 2007 *806 days after submitting all documents to USCIS*. USCIS reply was : *"The I-*

*485 at question is still pending FBI name check clearance. Once the file has been cleared by FBI, the file will be adjudicated. The Service has NO control on how long it takes FBI to clear the case* " (**Exhibit B**).

21.     After a month of no progress, on July 2007, Petitioner contacted the office of his Senator Dianne Feinstein. The reply from USCIS to Senator inquiry stated that "... *The principle (A 098 455 085) is still pending for FBI name check....* " (**Exhibit C**).

22.     Plaintiff Victor Simileysky has always complied with immigration and civil laws, has never been arrested or convicted of a crime and has never presented a security risk to the United States. Mr. Simileysky has been lawfully present in the United States for over 6 years since April 2001.

23.     Between May 2007 and July 2007 Petitioner made efforts to contact FBI Record/Information Dissemination Section directly via e-mail and phone in order to find out the status of his security checks and a reason for a delay in excess of two years. There were no replies to these inquires.

24.     In the July 2007 the USCIS notified Petitioner that pending case is transferred from California Service Center to Nebraska Service Center.

25.     Further to clarify security checks issue, Petitioner sought help of his Senator Dianne Feinstein to make an inquiry with FBI. Her reply dated October 19th, 2007 stated that: "...*The Federal Bureau of Investigation has told me your name check, received on March 31, 2005, is still pending. There is no way to determine when the name check will be completed. ...*" (**Exhibit D**).

26.    As of November 16, 2007, *2 years 8 months after submitting all documents to USCIS*, no resolution on Victor Simileysky's application has been reached so he is filing present Complaint with the Northern District of California District Court. This action challenges only the Defendants' timeliness in adjudication of Petitioner's application, not the granting or denial of that application.

27.    Section 202 (8 U.S.C. § 1571) of the Title II of the American Competitiveness in Twenty-first Century Act of 2000 (AC21) clearly lays down the parameters of reasonableness in immigration adjudication, stating: "...It is the sense of Congress that the processing of an immigration benefit application should be completed not later than **180 days** after the initial filing of the application."

28.    The Congress also classified employment-based adjudications pending 180 days or more as "long delayed" in Section 106 (8 U.S.C. § 1154 (g)) of the AC21. It is clear that when Congress created employment-base adjustment of status procedure, its intention was that it should not take longer than 180 days. Plaintiff has been waiting for *980* days.

29.    Defendants are also required by 5 U.S.C. § 555(b) "within a reasonable time ... to conclude a matter presented... ."

30.    Other District Courts have concluded in similar cases that petitioners have a clear right to have his or her application for lawful permanent residency status adjudicated within a reasonable period of time. (*Yu v. Brown*, 36F. Supp. 2d 922, 925 (D.N.M. 1999); *Agbemaple v. INS*, No. 97 C 8457, 1988 WL 292441 (N.D. Ill. May 18, 1988)). For instance, in *Yu*, where petitioner sought a writ of mandamus to

force INS to act on her application for lawful permanent residence two and one half years after she applied, the court concluded that Yu's petition properly stated a claim for mandamus. Also in *Elkhatib v. Bulger*, No. 04-22407-CIV-SEITZ/MCALILEY (S.D.F.2004) court found that Respondents have a non-discretionary duty to process Petitioner's application within a reasonable period of time.

## VI.  INJURY TO PETITIONER

31.     The Petitioner's application to become permanent resident of the United States is pending before USCIS for *over 980 days*.

32.     Petitioner is waiting and will continue to wait for a significant amount of time for a decision on his AOS application. His status in the United States has been and will continue to be uncertain. Petitioner could not plan ahead because he has not known and does not know when he becomes a permanent resident.

33.     Respondents' unreasonable delay in adjudicating AOS application severely affects educational opportunity of Petitioner's two sons: Alexander Simileysky – 10 years old, citizen of Russia and Antony Simileysky – 2 years old, citizen of United States. In the case if AOS application is denied, Petitioner's family would have to return to Russia and the lack of Russian language exposure to the children will hinder their performance. The unexpected delay in adjudicating threatens the future of the children in the highly competitive world of high educational standards.

34.     Petitioner has lost a significant work time while pursuing his adjustment of status application, making inquiries with USCIS, meeting with lawyers, applying

for yearly work authorization renewals, reporting for fingerprinting, and otherwise pursuing his delayed permanent residency.

35.    Petitioner has to obtain yearly work authorization permits while his AOS application is pending. This results in significant out-of-pocket expenses (EAD renewal cost is $340/year and Petitioner has already applied for three of them), including attorneys' fees, inconvenience, and loss of wages.

36.    Due to delays in adjudication of Petitioner's permanent residency application, Petitioner's naturalization (to become a U.S. Citizen) has been delayed. Therefore Respondents' unreasonable delay in adjudicating AOS application deprived Petitioner for longer time of citizenship benefits like a right to vote and fully participate in our democracy; receive a United States passport;  travel freely into and out of the United States; hold a job that is restricted to United States citizens; run for public office. Also Petitioner has been and will continue to be unable to petition for his family members to immigrate to the United States as immediate relatives.

37.    Petitioner rights to due process of law and equal protection under the Fifth Amendment to the United States Constitution have been and are being violated and will continue to be violated by Defendants' failures as described herein.


## VII.  GROUNDS FOR RELIEF

38.    Defendants, despite having a duty to act within reasonable time, have failed to process and adjudicate Petitioner's application for permanent residency in a timely manner.

39.    Defendant USCIS' duty to process and adjudicate Petitioner's application "within a reasonable time" (*within 980 days*) is a non-discretionary duty mandated by federal and judicial precedent.

40.    Defendant USCIS' conduct in failing to process Petitioner's application and adjudicate his case in a reasonably timely manner has caused unnecessary and injurious delays to Petitioner, in violation of his rights.

41.    Petitioner has exhausted all administrative remedies available and has determined that no adequate remedy exists.

**Count I.**
**Mandamus Action**
**28 U.S.C. § 1651, 28 USC § 1361, 8 C.F.R. §103.2(b)(19) and 8 C.F.R. §245.2(a)(5)(i)**

42.    Petitioner incorporates all allegations made hereinabove that are pertinent to this Court.

43.    Defendants are charged with the mandatory responsibility of administering and implementing the Immigration and Nationality Act.

44.    Defendants bear sole responsibility for timely adjudication of AOS application and for orderly attendant procedures.

45.    Defendants have failed to discharge their mandated duties.

46.    As a result, Petitioner has suffered and continues to suffer irreparable harm and damages entitling him to declaratory, injunctive and other relief.

47.    Petitioner has exhausted all possible administrative remedies and there exists no other adequate remedy.

48.     Strong humanitarian factors favor granting of Mandamus relief.

**Count II.**
**Administrative Procedures Act**
**5 U.S.C. §§ 555, 701 et seq., 8 C.F.R. §103.2(b)(19) and 8 C.F.R. §245.2(a)(5)(i)**

49.     By failing to render timely decision on Petitioner's application, Defendants have violated the Administrative Procedures Act and this constitutes agency action that is arbitrary and capricious, and not in accordance with law. The Court of Appeals for DC Circuit noted that while "[t]here is no per se rule as to how long is too long to wait for agency action ... a reasonable time for agency action is typically counted in weeks or months, not years". *In re American Rivers and Idaho Rivers*, 372 F.3d 413, 415 (D.C. Cir. 2004). The delay in this instant case is not judicially unmanageable as the USCIS failed to achieve a concrete goal – to issue a decision upon an application and violated the APA provision to do so within a reasonable time. 5 U.S.C. § 555(b). This Court has power under 5 U.S.C. § 706(1) to compel agency to perform "action unlawfully withheld or unreasonably delayed". The Defendants required by 8 C.F.R. § 103.2(b)(19) and by 8 C.F.R. § 245.2(a)(5)(i) to provide the Plaintiff a notice about the decision upon Plaintiff's application and they have failed to do so within a reasonable time.

**Count III.**
**Administrative Procedures Act**
**5 U.S.C. § 701 et seq. and 8 C.F.R. §103.2(b)(18)**

50.    Petitioner incorporates all allegations made hereinabove that are pertinent to this Court.

51.    The Code of Federal Regulations establishes conditions under which the adjudication of the Plaintiff's application can be withheld. The Plaintiff's application has been pending for over 2.5 years at the time of filing his complaint with the District Court. So, according to the requirements of 8 C.F.R. § 103.2(b)(18), his application should have been reviewed twice by the USCIS district director (at 1 and 1.5 year marks), once by the USCIS regional commissioner (at 2 year mark) and once by the Associate Commissioner, Examinations, with the concurrence of the Associate Commissioner, Enforcement. There is no evidence that these procedures have been followed. Therefore, the USCIS have violated the Federal regulations and "unlawfully withheld" adjudication of the legal alien's application. Furthermore, 8 C.F.R. § 103.2(b)(18) is not part of the Subchapter II of the Chapter 12 of the INA, therefore jurisdictional bar of the INA § 242(a)(2)(B)(ii) does not preclude review of the withholding of adjudication. Thus, this Court has the power to grant a relief under 5 U.S.C. § 706(1) and to compel the USCIS to perform agency action "unlawfully withheld".

52.    Defendants have failed to discharge their mandated official duties.

53.    As a result, Petitioner has suffered and continues to suffer irreparable harm and damages entitling him to declaratory, injunctive and other relief.

**Count IV.**
**Declaratory Judgment Act**
**28 U.S.C. § 2201, 8 C.F.R. §103.2(b)(18), 8 C.F.R. §103.2(b)(19) and 8 C.F.R.**
**§245.2(a)(5)(i)**

54.    Petitioner incorporates all allegations made hereinabove that are pertinent to this Court.

55.    Petitioner contend that Defendants' actions and decisions relating to delays in AOS adjudication and attendant procedures are unconstitutional, violate the INA and the applicable regulations, and are arbitrary and capricious and seek a declaration to that effect under 28 U.S.C. § 2201.

56.    Defendants have failed to discharge their mandated official duties.

57.    As a result, Petitioner has suffered and continues to suffer irreparable harm and damages entitling him to declaratory, injunctive and other relief.

**Count V.**
**Equal Access to Justice Act**
**5 U.S.C. § 504 and 28 U.S.C. § 2412**

58.    Petitioner incorporates all allegations made hereinabove that are pertinent to this Court.

59.    If prevails, Petitioner will seek attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), as amended, 5 U.S.C. § 504 and 28 U.S.C. § 2412.

**VIII    PRAYER FOR RELIEF**

WHEREFORE, Petitioner respectfully prays that the honorable Court grant the following relief:

    i.    Assume jurisdiction over this cause;

    ii.    Declare that the Defendants' failure to act is illegal, arbitrary, capricious and abuse of discretion;

   iii.      Compel Defendants and those acting under them to perform their duty to adjudicate Petitioner's and his beneficiaries applications for permanent residency expeditiously and within a reasonable time;

   iv.      Grant attorneys fees and costs of court;

   v.      Grant such other and further relief this Court deems just and appropriate.


Dated: _November 16_, 2007


RESPECTFULLY SUBMITTED,


_____

Victor Simileysky
Petitioner, <u>Pro Se</u>
Address 4241 Norwalk Drive, apt #Z208
San Jose, CA 96129
Phone: (408) 554-9643
Cell: (408) 892-4817
E-mail: svsvictor@yahoo.com

## IX    EXHIBITS

EXHIBIT A          USCIS Receipt Notices. USCIS California Service Center

EXHIBIT B          USCIS Letters regarding case status inquiries

EXHIBIT C          Correspondence with Senator and USCIS regarding pending case

EXHIBIT D          Letter from Senator on inquiry to FBI regarding pending security
checks

**EXHIBIT A**

**USCIS Receipt Notices**

**USCIS California Service Center**

Department of Homeland Security
U.S. Citizenship Case 5:07-cv-05833-RMW     Document 1     Filed 11/16/2007     Page 18 of 29 of Action

I-797C, Notice of Action

# THE UNITED STATES OF AMERICA

| RECEIPT NUMBER<br>WAC-05-113-51969 | | CASE TYPE   I485   APPLICATION TO ADJUST TO PERMANENT<br>RESIDENT STATUS |
|---|---|---|
| RECEIVED DATE<br>March 11, 2005 | PRIORITY DATE | APPLICANT   A98 455 085<br>SIMILEYSKY, VICTOR |
| NOTICE DATE<br>March 16, 2005 | PAGE<br>1 of 1 | |

| DONALD H. FREIBERG<br>DONALD H FREIBERG ESQ<br>RE: VICTOR SIMILEYSKY<br>1550 THE ALAMEDA STE 209<br>SAN JOSE CA 95126 | Notice Type:   Receipt Notice<br><br>Amount received: $  385.00<br>Section: Adjustment as direct<br>                beneficiary of immigrant<br>                petition |
|---|---|

Receipt notice - If any of the above information is incorrect, call customer service immediately.

Processing time - Processing times vary by kind of case.
- You can check our current processing time for this kind of case on our website at **uscis.gov**.
- On our website you can also sign up to get free e-mail updates as we complete key processing steps on this case.
- Most of the time your case is pending the processing status will not change because we will be working on others filed earlier.
- We will notify you by mail when we make a decision on this case, or if we need something from you. If you move while this case is pending, call customer service when you move.
- Processing times can change. If you don't get a decision or update from us within our current processing time, check our website or call for an update.

If you have questions, check our website or call customer service. Please save this notice, and have it with you if you contact us about this case.

Notice to all customers with a pending I-130 petition - USCIS is now processing Form I-130, Petition for Alien Relative, as a visa number becomes available. Filing and approval of an I-130 relative petition is only the first step in helping a relative immigrate to the United States. Eligible family members must wait until there is a visa number available before they can apply for an immigrant visa or adjustment of status to a lawful permanent resident. This process will allow USCIS to concentrate resources first on cases where visas are actually available. This process should not delay the ability of one's relative to apply for an immigrant visa or adjustment of status. Refer to **www.state.gov/travel** <http://www.state.gov/travel> to determine current visa availability dates. For more information, please visit our website at www.uscis.gov or contact us at 1-800-375-5283.

Always remember to call customer service if you move while your case is pending. If you have a pending I-130 relative petition, also call customer service if you should decide to withdraw your petition or if you become a U.S. citizen.

Please see the additional information on the back. You will be notified separately about any other cases you filed.
 IMMIGRATION & NATURALIZATION SERVICE
 CALIFORNIA SERVICE CENTER
 P. O. BOX 30111
 LAGUNA NIGUEL CA 92607-0111
 **Customer Service Telephone: (800) 375-5283**



**THE UNITED STATES OF AMERICA**

| RECEIPT NUMBER WAC-05-113-51997 | | CASE TYPE I485    APPLICATION TO ADJUST TO PERMANENT RESIDENT STATUS | |
|---|---|---|---|
| RECEIVED DATE March 11, 2005 | PRIORITY DATE | APPLICANT A98 455 086 SIMILEYSKY, MARINA | |
| NOTICE DATE March 16, 2005 | PAGE 1 of 1 | | |

| DONALD H. FREIBERG DONALD H FREIBERG ESQ RE: MARINA SIMILEYSKY 1550 THE ALAMEDA STE 209 SAN JOSE CA 95126 | Notice Type:  Receipt Notice<br><br>Amount received: $  385.00<br><br>Section: Derivative adjustment |
|---|---|

**Receipt notice** - If any of the above information is incorrect, call customer service immediately.

**Processing time** - Processing times vary by kind of case.
- You can check our current processing time for this kind of case on our website at **uscis.gov**.
- On our website you can also sign up to get free e-mail updates as we complete key processing steps on this case.
- Most of the time your case is pending the processing status will not change because we will be working on others filed earlier.
- We will notify you by mail when we make a decision on this case, or if we need something from you. If you move while this case is pending, call customer service when you move.
- Processing times can change. If you don't get a decision or update from us within our current processing time, check our website or call for an update.

If you have questions, check our website or call customer service. Please save this notice, and have it with you if you contact us about this case.

**Notice to all customers with a pending I-130 petition** - USCIS is now processing Form I-130, Petition for Alien Relative, as a visa number becomes available. Filing and approval of an I-130 relative petition is only the first step in helping a relative immigrate to the United States. Eligible family members must wait until there is a visa number available before they can apply for an immigrant visa or adjustment of status to a lawful permanent resident. This process will allow USCIS to concentrate resources first on cases where visas are actually available. This process should not delay the ability of one's relative to apply for an immigrant visa or adjustment of status. Refer to **www.state.gov/travel** <http://www.state.gov/travel> to determine current visa availability dates. For more information, please visit our website at www.uscis.gov or contact us at 1-800-375-5283.

Always remember to call customer service if you move while your case is pending. If you have a pending I-130 relative petition, also call customer service if you should decide to withdraw your petition or if you become a U.S. citizen.

Please see the additional information on the back. You will be notified separately about any other cases you filed.
 IMMIGRATION & NATURALIZATION SERVICE
 CALIFORNIA SERVICE CENTER
 P. O. BOX 30111
 LAGUNA NIGUEL CA 92607-0111
 **Customer Service Telephone: (800) 375-5283**



THE UNITED STATES OF AMERICA

| RECEIPT NUMBER<br>WAC-05-113-52020 | | CASE TYPE   I485    APPLICATION TO ADJUST TO PERMANENT RESIDENT STATUS |
| RECEIVED DATE<br>March 11, 2005 | PRIORITY DATE | APPLICANT   A98 455 087<br>SIMILEYSKY, ALEXANDER |
| NOTICE DATE<br>March 16, 2005 | PAGE<br>1 of 1 | |

| DONALD H. FREIBERG<br>DONALD H FREIBERG ESQ<br>RE: ALEXANDER SIMILEYSKY<br>1550 THE ALAMEDA STE 209<br>SAN JOSE CA 95126 | Notice Type:   Receipt Notice<br><br>Amount received: $  215.00<br><br>Section: Derivative adjustment |

**Receipt notice** - If any of the above information is incorrect, call customer service immediately.

**Processing time** - Processing times vary by kind of case.
- You can check our current processing time for this kind of case on our website at **uscis.gov**.
- On our website you can also sign up to get free e-mail updates as we complete key processing steps on this case.
- Most of the time your case is pending the processing status will not change because we will be working on others filed earlier.
- We will notify you by mail when we make a decision on this case, or if we need something from you. If you move while this case is pending, call customer service when you move.
- Processing times can change. If you don't get a decision or update from us within our current processing time, check our website or call for an update.

If you have questions, check our website or call customer service. Please save this notice, and have it with you if you contact us about this case.

**Notice to all customers with a pending I-130 petition** - USCIS is now processing Form I-130, Petition for Alien Relative, as a visa number becomes available. Filing and approval of an I-130 relative petition is only the first step in helping a relative immigrate to the United States. Eligible family members must wait until there is a visa number available before they can apply for an immigrant visa or adjustment of status to a lawful permanent resident. This process will allow USCIS to concentrate resources first on cases where visas are actually available. This process should not delay the ability of one's relative to apply for an immigrant visa or adjustment of status. Refer to **www.state.gov/travel** <http://www.state.gov/travel> to determine current visa availability dates. For more information, please visit our website at www.uscis.gov or contact us at 1-800-375-5283.

Always remember to call customer service if you move while your case is pending. If you have a pending I-130 relative petition, also call customer service if you should decide to withdraw your petition or if you become a U.S. citizen.

---

Please see the additional information on the back. You will be notified separately about any other cases you filed.
IMMIGRATION & NATURALIZATION SERVICE
CALIFORNIA SERVICE CENTER
P. O. BOX 30111
LAGUNA NIGUEL CA 92607-0111
**Customer Service Telephone: (800) 375-5283**



# THE UNITED STATES OF AMERICA

| RECEIPT NUMBER | | CASE TYPE   I140 |
|---|---|---|
| WAC-05-113-52186 | | IMMIGRANT PETITION FOR ALIEN WORKER |
| RECEIPT DATE | PRIORITY DATE | PETITIONER |
| March 16, 2005 | March 29, 2002 | CENTILLIUM COMMUNICATIONS INC |
| NOTICE DATE | PAGE | BENEFICIARY  A98 455 085 |
| June 9, 2005 | 1 of 1 | SIMILEYSKY, VICTOR |

CENTILLIUM COMMUNICATIONS INC
C/O REBECCA TORNO HR GENERALIST
215 FOURIER AVE
FREMONT CA 94539

**Notice Type:**  Approval Notice
Section: Mem of Profession w/Adv Deg, or
         of Exceptn'l Ability
         Sec.203(b)(2)

Courtesy Copy: Original sent to: FREIBERG, DONALD H

This courtesy notice is to advise you of action taken on this case.  The official notice nas been mailed to the
attorney or representative indicated above.  Any relevant documentation included in the notice was also mailed as
part of the official notice.

The above petition has been approved.  The person this petition is for will be notified separately when a decision is
reached on his or her pending adjustment of status application.

This courtesy copy may not be used in lieu of official notification to demonstrate the filing or processing action
taken on this case.

THIS FORM IS NOT A VISA NOR MAY IT BE USED IN PLACE OF A VISA.

Please see the additional information on the back.  You will be notified separately about any other cases you filed.
U.S. CITIZENSHIP & IMMIGRATION SVC
CALIFORNIA SERVICE CENTER
P. O. BOX 30111
LAGUNA NIGUEL CA 92607-0111
**Customer Service Telephone: (800) 375-5283**



Form I-797C (Rev. 08/31/04) N

**EXHIBIT B**

**USCIS Letters regarding case status inquiries**

The Principal applicant's I-485 is still pending-FBI name check clearance. Once 1   Filed 11/16/2007   Page 23 of 29
the file has been cleared by FBI, all the    aplicants and principal will be
adjudicated. The Service has NO control over how long it takes FBI to clear
the case.

Officer Bueno
Division 12
California Service Center

**From:** Radhika [mailto:radhika@donaldfreiberg.com]
**Sent:** Tuesday, January 30, 2007 4:17 PM
**To:** 485, Csc-XII
**Subject:** Inquiry on I-485 Applications/ Employment Based/ Beyond Processing Time/ Victor SIMILEYSKY
**Importance:** High

GOOD AFTERNOON,

OUR OFFICE IS THE ATTORNEY OF RECORD FOR THE FOLLOWING APPLICATION:

PRINCIPAL APPLICANT:   **VICTOR SIMILEYSKY**

WAC#: 05-113-51969

A#: A98455085

FILED ON: 03/11/2005

I-140: WAC-05-113-52186 (APPROVED)
CATEGORY: EB2
PRIORITY DATE: 03/29/2002

COUNTRY OF BIRTH: RUSSIA

EXPLANATION:
THIS CASE IS PENDING BEYOND THE PUBLISHED PROCESSING TIMES. PLEASE ADJUDICATE
THIS APPLICATION ALONG WITH THE DERIVATIVE APPLICANTS:   SPOUSE-WAC-05-113-
51997/A98 455-086 AND
          CHILD- WAC-05-113-52020/ A98 455 087.

Regards,

Radhika Mankame, Paralegal
Law Office of Donald Freiberg
1550 The Alameda, Suite 209
San Jose, CA 95126
Tel. (408) 995-0621
Fax (408) 995-5161
EFAX: 408-668-1028
www.donaldfreiberg.com

REMINDER FOR TRAVELING FOREIGN NATIONALS

Foreign nationals should carefully review their I-94 cards at the US Port of Entry each time upon entering the US.  If USCIS (Immigration)
has made an error, it is best to bring it to the attention of the Inspecting Officer and correct the situation immediately.  Please also

2/8/2007

## Maritza1

**From:** "CSC XII 485" <CSC-XII.485@dhs.gov>
**To:** <maritza@donaldfreiberg.com>
**Sent:** Monday, June 05, 2006 12:59 PM
**Subject:** RE: WAC-05-113-51969/A98 455 085

**The I-485 at question is still pending FBI name check clearance. Once the file has been cleared by FBI, the file will be adjudicated. The Service has NO control on how long it takes FBI to clear the case.**

**M. Bueno**

_____

**From:** Maritza [mailto:maritza@donaldfreiberg.com]
**Sent:** Friday, May 26, 2006 10:03 AM
**To:** 485, Csc-XII
**Subject:** WAC-05-113-51969/A98 455 085

Good Morning,

Our office is the attorney of record for the following employment-based I-485 application:

Principal:       Viktor SIMILEYSKY

WAC#:         05-113-51969

A#:              98 455 085

File date:       03/11/2005

I-140 category:        EB2
I-140 WAC#:  05-113-52186
Priority date:    03/29/2002

Explanation:
This case is pending beyond JIT processing times. Please adjudicate this principal applicant and derivative spouse (Marina SIMILEYSKAY/WAC-05-113-51997).

Maritza Resendez, Paralegal
Donald H. Freiberg, Esq.
1550 The Alameda, Suite 209
San Jose, California 95126

Ph: 408-995-0621
Fx: 408-995-5161
Direct fax: 914-801-2240
maritza@donaldfreiberg.com

**EXHIBIT C**

Correspondence with Senator and USCIS
regarding pending case

DIANNE FEINSTEIN
CALIFORNIA

COMMITTEE ON APPROPRIATIONS
COMMITTEE ON THE JUDICIARY
COMMITTEE ON RULES AND
ADMINISTRATION—CHAIRMAN
SELECT COMMITTEE ON INTELLIGENCE

# United States Senate

WASHINGTON, DC 20510–0504

http://feinstein.senate.gov

July 6, 2007

Mr. Victor Simileysky
4241 Norwalk Dr
San Jose, California 95129

Dear Victor:

I am forwarding on to you the response I have received from the U.S.
Citizenship and Immigration Services about your case.

I hope that this response is helpful and that the information outlined in it will
clarify the situation for you. If you have further questions, or if there is any way
my office can help you in the future, I hope you will contact me again.

Sincerely,

Dianne Feinstein
United States Senator

DF:jh

FRESNO OFFICE:
2500 TULARE STREET
SUITE 4290
FRESNO, CA 93721
(559) 485–7430

LOS ANGELES OFFICE:
11111 SANTA MONICA BOULEVARD
SUITE 915
LOS ANGELES, CA 90025
(310) 914–7300

SAN DIEGO OFFICE:
750 B STREET
SUITE 1030
SAN DIEGO, CA 92101
(619) 231–9712

SAN FRANCISCO OFFICE:
ONE POST STREET
SUITE 2450
SAN FRANCISCO, CA 94104
(415) 393–0707

**From:** Congressional-Inquiries
**Sent:** Saturday, June 30, 2007 1:07 PM
**To:** Hartzell, Jessica (Feinstein)
**Subject:** RE: A#98 455 085; A# 98 455 086; A# 98 455 087

Thank you for your inquiry. The principle (A 098 455 085) is still pending for FBI name check. Until that is cleared, we are unable to move forward with adjudication. United States Citizenship and Immigration Services (USCIS) is committed to adjudicating immigration benefits in a timely manner while also ensuring public safety and national security. Though background checks for most applications or petitions are completed very quickly, a small percentage of cases have unresolved background check issues that temporarily delay adjudication of the application or petition. Although USCIS makes every effort to resolve such cases promptly, the agency cannot move forward until all outstanding issues have been resolved to our satisfaction. Unfortunately, this process can sometimes take years.

The background checks involve more than just the initial submission of biographical information or fingerprints and the initial response. If these checks and/or a review of the administrative record reveal an issue potentially impacting an applicant's eligibility for the requested immigration benefit, further inquiry is needed. The inquiry may include an additional interview and/or the need to contact another agency for updates or more comprehensive information. If it is determined that an outside agency possesses information relevant to the applicant's background, USCIS asks that agency to share any relevant information for consideration by USCIS in the adjudication. Upon gathering and assessing all available information, USCIS will adjudicate the application as expeditiously as possible.

We have checked into your constituent's case and have been assured that the agency is aware of your inquiry and is monitoring progress of the case.

USCIS realizes that your constituent may be frustrated by the progress of his or her case, but the agency must balance individual inconvenience against broader issues of public safety and national security. We hope that the recognition that your constituent's case has not been forgotten lessens any anxiety stemming from the delay in the adjudication.

We hope the information provided is helpful. If we may be of assistance in the future, please let us know.

Sincerely,

Yining Wu
Center Adjudication Officer
Div XII/WS22553
DHS/USCIS/CSC

**EXHIBIT D**

Letter from Senator on inquiry to FBI
regarding pending security checks

DIANNE FEINSTEIN
CALIFORNIA

COMMITTEE ON APPROPRIATIONS
COMMITTEE ON THE JUDICIARY
COMMITTEE ON RULES AND
ADMINISTRATION—CHAIRMAN
SELECT COMMITTEE ON INTELLIGENCE

# United States Senate

WASHINGTON, DC 20510–0504

http://feinstein.senate.gov

October 19, 2007

Mr. Victor Simileysky
4241 Norwalk Dr
San Jose, California 95129

Dear Mr. Simileysky:

The Federal Bureau of Investigation has told me your name check, received on March 31, 2005, is still pending. There is no way to determine when the name check will be completed. If you haven't heard about the status of your case from USCIS within six months, please contact our office and we will make a follow up inquiry.

I hope that this information is helpful and that it will clarify the situation for you. If you have further questions, or if there is any way the Senator's office can help you in the future on other federal matters, I hope you will contact us again.

Sincerely,

Morgan Galli
Constituent Services Representative

FRESNO OFFICE:
2500 TULARE STREET
SUITE 4290
FRESNO, CA 93721
(559) 485-7430

LOS ANGELES OFFICE:
11111 SANTA MONICA BOULEVARD
SUITE 915
LOS ANGELES, CA 90025
(310) 914-7300

SAN DIEGO OFFICE:
750 B STREET
SUITE 1030
SAN DIEGO, CA 92101
(619) 231-9712

SAN FRANCISCO OFFICE:
ONE POST STREET
SUITE 2450
SAN FRANCISCO, CA 94104
(415) 393-0707